UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

_____

№ 04-CV-4500 (JFB)
_____

MAURICE MCCORKLE,

Plaintiff,

VERSUS

C.O. SARTER, *Shield No. 2190*, CAPT. KLUCZKA, NELSON,
NASSAU COUNTY SHERIFF DEPT., COUNTY OF NASSAU,

Defendants.

_____

MEMORANDUM AND ORDER
August 9, 2006
_____

JOSEPH F. BIANCO, District Judge:

Defendants bring the instant motion to dismiss plaintiff's complaint pursuant to Fed. R. Civ. P. 41(b). For the following reasons, defendants' motion is granted and plaintiff's complaint is dismissed with prejudice.

I. BACKGROUND

Plaintiff filed the present action *pro se* on October 19, 2004. The complaint was served upon defendants with a request for a waiver of service on December 6, 2004. Defendants timely served their answer on March 9, 2005, and filed it with the Court on March 10, 2005. An initial conference was scheduled with the Honorable Arlene Lindsay, United States Magistrate Judge, for July 6, 2005. Despite receipt of the order by certified mail, at his home address, plaintiff failed to appear at the conference. Thereafter, Judge Lindsay issued a scheduling Order with a January 19, 2006 close date for discovery, and a final conference on May 17, 2006. Plaintiff made no discovery requests and did not make a settlement demand during the pendency of his claim.

By Order dated May 10, 2006, this Court set a briefing schedule for the defendants' proposed motion to dismiss with prejudice under Fed. R. Civ. P. 41(b). Pursuant to that schedule, defendants filed a motion on May 24, 2006, and served a copy on *pro se* plaintiff. Despite receipt of this Court's scheduling Order and defendants' motion, plaintiff failed to file any opposition to

the motion. On July 26, 2006, this Court issued another Order, instructing plaintiff to show cause in writing, by August 7, 2006, why this Court should not grant defendants' motion to dismiss the case with prejudice. The Court warned plaintiff that failure to respond would result in dismissal. Despite this final notice, plaintiff did not file a response.

## II. DISCUSSION

Fed. R. Civ. P. 41(b) provides, in relevant part, "for failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against defendant." The Rule further provides, "[u]nless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision . . . operates as an adjudication upon the merits." Fed. R. Civ. P. 41(b). In determining whether to dismiss a complaint pursuant to Fed. R. Civ. P. 41(b), the Court must consider the following factors:

> (1) the duration of plaintiff's failures; (2) whether plaintiff had received notice that further delays would result in dismissal; (3) whether defendant is likely to be prejudiced by further delay; (4) whether the district judge has carefully balanced the need to alleviate court calendar congestion and a party's right to due process; and (5) whether the court has assessed the efficacy of lesser sanctions.

*Romandette v. Weetabix Co.*, 807 F.2d 309, 312 (2d Cir. 1986) (citing *Harding v. Federal Reserve Bank of New York*, 707 F.2d 46, 50 (2d Cir. 1972)). "The primary rationale underlying a dismissal under 41(b) is the failure of plaintiff in his duty to process his case diligently.*" Lyell Theatre Corp. v. Loews Corp*., 682 F.2d 37, 43 (2d Cir. 1982). "Although dismissal is 'a harsh remedy to be utilized only in extreme situations,'" *Harding v. Fed. Reserve Bank of NY*, 707 F.2d 46, 50 (2d Cir. 1983) (quoting *Theilmann v. Rutland Hosp., Inc.*, 455 F.2d 853, 855 (2d Cir. 1972) (per curiam)), "the authority to invoke it for failure to prosecute is vital to the efficient administration of judicial affairs and provides meaningful access for other prospective litigants to overcrowded courts." *Lyell Theatre Corp*., 682 F.2d at 42. Based on the above five factors, the Court finds that dismissal pursuant to Fed. R. Civ. Pl. 41(b) is warranted.

### A. The Duration of Plaintiff's Failure

Since service of the complaint, the only action taken by plaintiff in this case was the filing of a letter dated December 28, 2004, informing the Court of an address change. Plaintiff failed to appear at the initial conference scheduled for July 6, 2005. Judge Lindsay issued a pre-trial scheduling order and warned plaintiff that failure to comply with the scheduling order may result in the imposition of sanctions. Plaintiff again failed to appear for a pre-trial conference before Judge Lindsay scheduled on May 17, 2006. On May 10, 2006, this Court issued a briefing schedule for defendants' Rule 41(b) motion. Defendants were directed to serve a copy of the Order on *pro se* plaintiff forthwith. On May 24, 2006, defendants filed their motion to dismiss for lack of prosecution. Plaintiff did not provide a response. Accordingly, plaintiff's failure to prosecute has lasted over one year, starting with plaintiff's failure to appear at the initial conference held on July 6, 2005. While there is no time frame that specifically designates when a Rule 41(b) motion is warranted, the Court finds that the

one-year lack of action in this case warrants dismissal. See, e.g., *Chira v. Lockheed Aircraft Corp.*, 634 F.2d 664, 667 (2d Cir. 1980) (six month delay sufficient to warrant dismissal under Rule 41(b) where plaintiff failed to comply with multiple court orders and "failed to take any other action to move his case to trial" during that period); *Cucurillo v. Schulte, Bruns Schiff Gesellschaft, M.B.H.* 324 F.2d 234 (2d Cir. 1963) (finding one year of inactivity is grounds for dismissal with prejudice); *Lopez v. Catholic Charities of the Archdiocese*, No. 00-CV-1247 (AGS), 2001 U.S. Dist. LEXIS 387, at *9-10 (S.D.N.Y. Jan. 22, 2001) (dismissal where plaintiff failed to advance claim for a period of three months, violated several court orders, failed to respond to motions, and failed to appear at scheduled conferences); *Antonios A. levizopoulos and Assoc., Inc. v. Comcast International Holdings, Inc.*, No. 99-CV-9311 (SAS), 2000 U.S. Dist. LEXIS 16154, at *6-7 (S.D.N.Y. Nov. 3, 2000) (plaintiff's failure to prosecute his case for nearly four months warranted Rule 41(b) dismissal where plaintiff failed to comply with numerous court orders, disregarded court deadlines, and did not respond to defendants' motion to dismiss); *Peters-Turnbull v. Board of Educ. of the City of N.Y.*, No. 96-CV-4914 (SAS), 1999 U.S. Dist. LEXIS 16079, at *7-8 (S.D.N.Y. Oct. 20, 1999) (stating that delay of between five and ten months "falls comfortably within the time frames found sufficient in successful Rule 41(b) motions to dismiss").

### B. Notice That Further Delays Would Result in Dismissal

After the first conference, plaintiff was warned that failure to comply with the scheduling order may result in sanctions. Plaintiff was also provided with notice of defendants' motion to dismiss under 41(b), and yet plaintiff chose not to respond. "[C]ourts in this District have held that a motion pursuant to Rule 41(b) (as opposed to a sua sponte dismissal by the court) provides the plaintiff with notice." *Lopez v. Catholic Charities of the Archdiocese*, No. 00-CV-1247 (AGS), 2001 U.S. Dist. LEXIS 387 (S.D.N.Y. 2001) (collecting cases). Plaintiff was served with a copy of defendants' motion by certified mail.[1] This Court issued a final Order on July 26, 2006, directing plaintiff to show cause, in writing, why this Court should not grant defendants' motion to dismiss with prejudice. The Court warned plaintiff that failure to respond would result in dismissal with prejudice. Accordingly, plaintiff was aware that his inaction could result in dismissal.

### C. Prejudice to Defendants

Plaintiff's failure to comply with court orders and appear at the scheduled conferences has prevented the defendants from allowing the case to go forward. The Second Circuit has found that "[p]rejudice to defendants resulting from unreasonable delay may be presumed." *Lyell Theatre* Corp., 682 F.2d at 43; *accord Peart v. City of N.Y.,* 992 F.2d 458, 462 (2d Cir. 1991).

### D. Balance of Need to Alleviate Court Calendar Congestion and Plaintiff's Right to Due Process

The Court has balanced the need to alleviate court calendar congestion and plaintiff's right to due process and finds that it weighs in favor of dismissal. Given the

---

[1]The certified mail receipt, filed by defendants as docket entry # 22, bears the signature of "M. McCorkle," suggesting that plaintiff personally received the motion papers at his home address.

3

scarce judicial resources available to litigants, plaintiff's failure to take any action to prosecute his case weighs in favor of dismissal. *See Chira v. Lockheed Aircraft Corp.*, 634 F.2d 664, 667 (2d Cir. 1980) ("Completely aside from his failure to comply with the order, a dismissal is justified for [plaintiff's] failure to prosecute at all."). Furthermore, plaintiff has been provided with the opportunity to be heard, but failed to appear at either of the conference before Judge Lindsay and failed to respond to defendants' motion. Accordingly, plaintiff's right to due process has been protected. *See Bentham v. City of New York*, No. 99-CV-8287, 2003 U.S. Dist. LEXIS 26761, at *14-15 (E.D.N.Y. Dec. 22, 2003) ("[W]here plaintiff has had opportunities to be heard and his due process rights have been protected, the balance is struck in favor of alleviating calendar congestion.").

E. Consideration of a Lesser Sanction

Finally, with respect to the fifth factor, the Court finds that no lesser sanction is appropriate. "The Second Circuit has stated that 'the primary rationale underlying dismissal under [Rule] 41(b) is the failure of plaintiff in his duty to process his case diligently.'" *Dodson v. Runyon*, 957 F. Supp. 465, 470 (S.D.N.Y. 1997) *(quoting Lyell Theatre Corp.*, 682 F.2d at 43). Here, plaintiff has made no effort to process the case. Plaintiff has provided no excuse for the failure to appear at conferences, nor did plaintiff respond to defendants' motion to dismiss the case or this Court's subsequent order to show cause. Because plaintiff is proceeding *pro se*, plaintiff is solely responsible for the lack of action in this case. *Bentham*, 2003 U.S. Dist. LEXIS 26761, at *16 ("[S]ince plaintiff is appearing pro se, there is no attorney against whom sanctions could be levied."), *accord Camara v. Daise*, No. 98-CV- 808 (RMB)(RLE), 2001 WL 263006, *4 (S.D.N.Y. March 9, 2001) (report and recommendation). Furthermore, there is no indication from plaintiff, and there is no reason for the Court to believe, that plaintiff ever intends to proceed with the prosecution of this action. Accordingly, the Court finds that a lesser sanction is not warranted and, based on the above five factors, dismissal of the case with prejudice is appropriate. *See McKanic-Berman v. United Envelope Co.*, No. 93-CV-3781 (WK), 1996 U.S. Dist. LEXIS 4489, at *1-2 (S.D.N.Y. April 9, 1996) (dismissing case where plaintiff filed an opposition to the 41(b) motion but had previously "made no move to press its action . . . did not move to make discovery, failed to respond to discovery, and failed to appear at a scheduled conference for which she had received adequate notice").

III. CONCLUSION

For the foregoing reasons, this case is dismissed with prejudice pursuant to Fed. R. Civ. P. 41(b). The Clerk of the Court shall enter judgment in favor of defendants and close this case.

SO ORDERED.

_____
JOSEPH F. BIANCO
United States District Judge

Dated: August 9, 2006
Central Islip, New York

\* \* \*

Plaintiff Maurice McCorkle appears *pro se*. The attorney for defendants is Donna A. Napolitano, Esq., Office of the Nassau County Attorney, One West Street, Mineola, New York. 11501.

4